**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **K&L PROPERTIES, LLC,** | **CIVIL ACTION** |
| **Plaintiff,** | |
| | |
| **v.** | |
| | |
| **KEYBANK, N.A.,** | **NO.  24-5696** |
| **KEYBANK REAL ESTATE CAPITAL,** | |
| **KCM PAYMENT CLEARING, and** | |
| **WELLS FARGO BANK, N.A., as Trustee** | |
| **for the Registered Holders of Sutherland** | |
| **Commercial Mortgage Trust 2021-SBC10** | |
| **Commercial Pass Through Certificates** | |
| **Series 2021-SBC10,** | |
| **Defendants.** | |

**MEMORANDUM**

**HODGE, J.**                                                                          **February 6, 2026**

## I.      INTRODUCTION

Plaintiff K&L Properties, LLC ("Plaintiff") brings one claim in its Second Amended Complaint (ECF No. 22) against Defendants Wells Fargo Bank, N.A. as Trustee for the Registered Holders of Sutherland Commercial Mortgage Trust 2021-SBC10 Commercial Pass Through Certificates Series 2021-SBC10 ("Wells Fargo"), KeyBank N.A. ("KeyBank"), KeyBank Real Estate Capital ("Key Capital"), and KCM Payment Clearing ("KCM," and  together with KeyBank and Key Capital, the "KeyBank Entities," and collectively with Wells Fargo, the "Defendants") for damages pursuant to the Mortgage Satisfaction Act, 21 P.S. § 721-1, *et seq.* ("MSA"). Presently before the Court is Defendants' Motion to Dismiss (ECF Nos. 24, 25 (the "Motion")). For the reasons that follow, Defendants' Motion is granted.

## II.      BACKGROUND

A.    **Factual Background**[1]

Taking the allegations in the Second Amended Complaint as true, the relevant facts are as follows. On March 29, 2012, Plaintiff entered into a $750,000 mortgage with BNB Bank National Association for Plaintiff's property at 312 Market Street, Unit A, Philadelphia, PA 19106 ("Plaintiff's Property"). (ECF No. 22 ¶¶ 7–9; ECF No. 22-1 at 2–12.) The mortgage was recorded in the Department of Records for the City of Philadelphia on April 13, 2012 at Document ID No. 52471058 (the "Mortgage"). (ECF No. 22 ¶ 9.) The Mortgage was last assigned to Wells Fargo on June 18, 2021, and recorded in the City of Philadelphia on September 20, 2021 at Document ID No. 53881261 (the "Assignment"). (*Id.* ¶ 10; ECF No. 22-2 at 2–5.)

Beginning in or about 2014 and thereafter, the KeyBank Entities acted on behalf of Wells Fargo as their agents for purposes of administering all aspects of the Mortgage. (ECF No. 22 ¶ 11.) In acting as the mortgage servicer for Wells Fargo, the KeyBank Entities handled all communications with Plaintiff pertaining to the Mortgage and processed all payments of principal, interest, costs, and other fees arising from the Mortgage. (*Id.* ¶¶ 11, 13, 15.) Plaintiff's access to information related to the Mortgage was limited to the KeyBank Entities' online portal. (*Id.* ¶ 14.) Plaintiff did not receive any communications from Wells Fargo or any of its predecessors in interest and dealt exclusively with the KeyBank Entities for purposes of administration of the Mortgage. (*Id.* ¶ 12.)

In or about December of 2022, Plaintiff's Property suffered an insurable loss. (*Id.* ¶ 16.) Plaintiff dealt exclusively with the KeyBank Entities in connection with the payment of insurance proceeds, which the KeyBank Entities held in escrow until Plaintiff met certain requirements. (*Id.*

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

¶¶ 16–17.) The KeyBank Entities referred to themselves as the "mortgagee" of the Mortgage during the insurance claim process. (*Id.* ¶ 13; ECF No. 22-3 at 2–3.)

Plaintiff advised the KeyBank Entities of its intention to pay off the Mortgage in December 2023. (ECF No. 22 ¶ 18; ECF No. 22-4 at 5.) On December 28, 2023, the KeyBank Entities generated a payoff statement, which included a lien release fee in the amount of $1,500. (ECF No. 22 ¶¶ 19, 20; ECF No. 22-4 at 4.) When Plaintiff asked the KeyBank Defendants about the lien release fee, the KeyBank Entities advised Plaintiff that the fees imposed upon payoff of the Mortgage were costs involved for legal counsel to, among other things, "review[] all recorded Assignments of the Mortgage and Assignments of Leases and rents to confirm that all prior assignments were properly recorded and lead to the ultimate lender that held the loan at payoff," "prepare[] a release of the Mortgage and Assignment of Leases and Rents," "submit[] for recording the original release of Mortgage and Assignment of Leases and Rents," "pay[] for the recording fees related to the recording of the release documents," and "handle[] any possible recording issues to ensure that all release documents get properly recorded." (ECF No. 22 ¶ 21; ECF No. 22-4 at 3.)

On or about January 3, 2024, Plaintiff tendered payment in full of all amounts due under the Mortgage to the KeyBank Entities through a combination of the insurance proceeds held in escrow by the KeyBank Entities and Plaintiff's own funds. (ECF No. 22 ¶ 22.) The KeyBank Entities accepted payment in full and removed Plaintiff's access to the Mortgage on their online portal. (*Id.* ¶ 23.) The payoff statement included Jessi Mendenhall of Key Capital and Key Capital's address at 11501 Overlook Street, Suite 300, Overland Park, KS 66211. (*Id.* ¶ 35; ECF No. 22-7 at 2.) In or about February of 2024, Plaintiff exchanged emails with the KeyBank Entities

to determine the status of the preparation and filing of the required satisfaction of mortgage but did not receive an answer. (ECF No. 22 ¶ 25.)

On June 6, 2024, after the KeyBank Entities had still not filed the satisfaction of mortgage, Plaintiff mailed notice and demand (the "Notice") to Key Capital and KCM at 11501 Overlook Street, Suite 300, Overland Park, KS 66211 via certified mail, return receipt requested, to present a mortgage satisfaction for recording to avoid a penalty under the MSA. (*Id.* ¶¶ 26, 36; ECF No. 22-5 at 2–3; ECF No. 22-6 at 2.) Defendants did not file the mortgage satisfaction until October 4, 2024, which was about two weeks after the initial complaint in this matter was filed and 120 days after Plaintiff mailed the Notice to Key Capital and KCM. (ECF No. 22 ¶ 27; ECF No. 25-2 at 3– 8.) The October 2024 mortgage satisfaction was signed by Gina Sullivan, Senior Vice President of KeyBank, "as Authorized Agent for Wells Fargo Bank, N.A., as Trustee for the registered Holders of Sutherland Commercial Mortgage Trust 2021-SBC10, Commercial Mortgage Pass-Through Certificates, Series 2021-SBC10." (ECF No. 25-2 at 5–6, 8.)

### B.    Procedural History

On September 17, 2024, Plaintiff filed its original complaint in the Court of Common Pleas for Philadelphia County, Pennsylvania against only the KeyBank Entities under the caption *K&L Properties, LLC v. KeyBank, N.A. et al.*, Case No. 240901659. On October 24, 2024, Defendants filed a notice of removal to this Court. (ECF No. 1.) On October 31, 2024, the KeyBank Entities filed a motion to dismiss the original complaint. (ECF Nos. 2, 3.) Plaintiff filed its First Amended Complaint on November 18, 2024, adding Wells Fargo as a defendant for the first time. (ECF No. 12.) On January 10, 2025, Defendants filed a Second Motion to Dismiss. (ECF No. 15.) On January 17, 2025, Plaintiff filed a Motion to Amend the First Amended Complaint (ECF No. 16), which this Court granted on April 17, 2025 and denied Defendants' Second Motion to Dismiss as moot.

4

(ECF No. 21.) On April 21, 2025, Plaintiff filed a Second Amended Complaint, which is the operative complaint here and brings a sole count for violation of the MSA. (ECF No. 22.) Defendants moved to dismiss the Second Amended Complaint on May 5, 2025. (ECF No. 24.)

## III.   LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of claims that fail to state a claim upon which relief may be granted. To survive a motion to dismiss, a complaint must contain sufficient facts that, when accepted as true and considered in the light most favorable to the plaintiff, state a facially plausible claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Lewis v. Atlas Van Lines, Inc.*, 542 F.3d 403, 405 (3d Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] formulaic recitation of the elements of a cause of action will not do . . . . [A] complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 176 (3d Cir. 2010) (internal quotations omitted).

## IV.   DISCUSSION

As an initial matter, Defendants argue that Key Capital and KCM are not separate legal entities, but business lines of KeyBank, and are thus not properly named defendants for a lawsuit. (ECF No. 25 at 7.) Plaintiff's counsel agreed to withdraw all claims against Key Capital and KCM based on the representation of Defendants that neither has any legal existence separate and apart from KeyBank. (ECF No. 25 at 7; ECF No. 27 at 1 n.1, 12.) For these reasons, the Court hereby dismisses the claim against Key Capital and KCM with prejudice.

The MSA's penalty provision provides that the "mortgagee shall forfeit and pay to the mortgagor a penalty in a sum not exceeding the original loan amount" if the mortgagee fails to present for recording a satisfaction piece "within 60 days of the mortgagee's receipt" of the following: "(i) payment of the entire mortgage obligation and all required satisfaction and recording costs; and (ii) the first written request by the mortgagor for the satisfaction piece delivered and in substantially the form described in this section." 21 P.S. § 721-6(d).

Defendants first dispute that the KeyBank Entities are subject to the MSA's penalty provision at all, as none of those entities were the "mortgagee" of record. (ECF No. 25 at 6.) Defendants argue that "the MSA only creates a cause of action for a mortgagor against the *mortgagee* (not its mortgage servicer)." (*Id.* (emphasis in original).) However, the definitions section of the MSA includes both a "mortgage servicer" and the "agents . . . of the current holder of the mortgage" under the definition of "mortgagee." 21 P.S. § 721-2. Here, it is undisputed that KeyBank acted as the mortgage servicer to and/or agent of Wells Fargo. (*See* ECF No. 25 at 6.)

In acknowledging that the definition of "mortgagee" does include "mortgage servicer" and the "agents . . . of the current holder of the mortgage," Defendants argue that "such definition is meant to recognize the method through which a mortgagee may act and through which a mortgagor may effect proper notice under the MSA, and is not meant to expand liability under the MSA to a mortgage servicer altogether." (ECF No. 25 at 6.) Defendants cite no authority for this proposition except for the statute itself. In turning to the statute, the definitions section states "[t]he following words and phrases when used in this act shall have the meanings given to them in this section unless the context clearly indicates otherwise." 21 P.S. § 721-2. Moreover, "[i]t is axiomatic that in determining legislative intent, all sections of a statute must be read together and in conjunction with each other, and construed with reference to the entire statute." *Hous. Auth. of Cnty. of Chester*

*v. Pennsylvania State Civ. Serv. Comm'n*, 730 A.2d 935, 946 (Pa. 1999). "When the meaning of a word or phrase is clear when used in one section, it will be construed to mean the same thing in another section of the same statute." *Id.* at 946.

There is no indication in the MSA that the definition of "mortgagee" is only meant to apply to the notice provisions of Section 721-6(a) through (c) and not the penalty provision of (d). In fact, a district court in the Third Circuit has previously held that the plaintiffs sufficiently made out a claim against a mortgage servicer under Section 721-6 of the MSA. *Focht v. Seterus, Inc.*, No. 3:18-cv-151, 2018 WL 4473344, at *4 (W.D. Pa. Sept. 18, 2018). Based on the clear language of the statute, this Court holds that KeyBank, as the mortgage servicer and agent for Wells Fargo, may be held liable under the MSA.

Defendants next argue that Plaintiff did not deliver its "first written request" in the manner prescribed by the MSA. (ECF No. 25 at 8.) That section of the MSA requires a notice "in substantially" the form described, which includes, among other requirements, the identification on the notice of the name of the last assignee of the mortgage and the mortgagee, and that the notice be addressed to the mortgagee. 21 P.S. § 721-6(c). The delivery provision of the MSA provides that the notice be "sent to the mortgagee by certified or registered mail, return receipt requested" and that the "notice shall be sent to the mortgagee at the mortgagee's address designated in the payoff statement unless the person issuing the notice has actually received from the mortgagee another name or address to which requests for satisfactions are to be sent." *Id.* § 721-6(b).

It is undisputed that Plaintiff did not name Wells Fargo, the mortgagee and the last assignee of the mortgage, in the Notice, and that it sent the Notice to Key Capital and KCM at the address in the payoff statement. (ECF No. 27 at 10; ECF No. 22-5 at 2–3.) However, as discussed above, KeyBank qualifies as a "mortgagee" under the definitions section of the MSA. 21 P.S. § 721-2.

7

Although Plaintiff did not include the name of the last assignee, which is Wells Fargo, in the Notice, the Notice included all of the other statutorily required eleven pieces of information.[2] (ECF No. 27 at 9.) Additionally, that the eventually executed mortgage satisfaction was signed by Gina Sullivan, KeyBank's Senior Vice President and an authorized agent of Wells Fargo, further persuades this Court that the Notice was not functionally deficient in serving its purpose to notify the proper parties of the request to record the mortgage satisfaction. Therefore, this Court is satisfied that Plaintiff "substantially" followed the form of notice prescribed in the MSA.

As for delivery, Plaintiff sent the Notice via certified mail to 11501 Overlook Street, Suite 300, Overland Park, KS 66211, the address designated on the payoff statement, with attention to Jessi Mendenhall, the KeyBank employee with whom Plaintiff had interacted in the year preceding the payoff and who was designated in the payoff statement. (ECF No. 22-4 at 2–5; ECF No. 22-6 at 2; ECF No. 22-7 at 2.) This complied with the MSA's delivery requirements. 21 P.S. § 721-6(b).

Finally, Defendants argue Plaintiff has not pleaded damages actually incurred. (ECF No. 25 at 10.) While the MSA imposes no such requirement on its face, as the statute provides for a penalty, the Court finds that Plaintiff does not have Article III standing to assert a purely legal claim in this Court under the MSA. "Only those plaintiffs who have been concretely harmed by [the] defendant's statutory violation may sue that private defendant over that violation in federal

---

[2] Although Defendants argue that *A Pro Realty Service, Ltd. v. Fulton Bank, NA*, 2019 WL 2121502, at *2 (Pa. Super. May 14, 2019) supports their claim, that case is inapposite. (*See* ECF No. 28 at 5.) In *A Pro Realty Service*, the Pennsylvania state trial court found that the plaintiff's notice under the MSA was deficient because the mortgagor sent the notice before all required satisfaction costs were paid, despite the statute's clear indication that the notice is to be sent after all required satisfaction and recording costs have been paid. *Id.* at *2–3. Moreover, the plaintiff argued that the doctrine of substantial compliance from the Pennsylvania Rules of Civil Procedure applied to the MSA, which the court rejected.

court." *Denius v. Real Time Resolutions, Inc.*, 1:23-cv-00428, 2024 WL 454941, at \*2–3 (M.D. Pa. Feb. 6, 2024) (quoting *TransUnion v. Ramirez*, 594 U.S. 413, 427 (2021)) (dismissing Pennsylvania MSA claim where plaintiff failed to allege any traditional forms of injury resulting from defendant's failure to timely record the mortgage satisfaction document under the MSA). Plaintiff argues that whether it "suffered actual damage is not relevant in the context of determining liability under the MSA" but fails to plead any concrete injury in its Second Amended Complaint. (ECF No. 22 ¶ 44; ECF No. 27 at 12.) Without pleading any concrete injury, Plaintiff lacks Article III standing. For this reason, the Court must dismiss the claim against KeyBank and Wells Fargo without prejudice.

## V.    CONCLUSION

For the above reasons, the Court grants Defendants' Motion to Dismiss with prejudice as to Key Capital and KCM, and without prejudice as to KeyBank and Wells Fargo. An appropriate Order follows.

BY THE COURT:

**/s/ Hon. Kelley B. Hodge**

**HODGE, KELLEY B., J.**